The Chief Justice
delivered the opinion of the court.
This was an action by petition and summons, brought in the general court. Judgment was taken by default against the defendant, who appeáled to this court.
rpjjg onjy question presented by the record is, whether the action by petition and summons will lie in the genera] court. '
We are clearlv of opinion, that it will not. The remedy by petition and summons did not exist at common law, but was given by the act of 1805, (3 Littell, 319.) That act provides, “that when any person, holding a bond or “note for the direct payment of money, shall desire to put “the same in suit, he may do so, by tiling it with the clerk “of any circuit court bolding jurisdiction thereof, together “with a petition,” and then proceeds to give the form of the petition, and to direct the mode of proceeding, without mentioning any other court in which the remedy may be had. As, then, the remedy by petition and summons was unknown to the common law, and the act giving the remedy ^las authorised it to be pursued in'the circuit courts only, the conclusion necessarily follows, that it will lie in no court: for expressio unius est exclusio alterius. It indeed, as well be said that the remedy would lie in anJ other cases, as that it would, lie in any other courts* than those which the act has prescribed; but it has often been held by this court, that it would only lie in the cases specified in the act, and by a parity of reason, it must be confined to the courts which the act has specified.
Judgment reversed with cost, and the cause remanded, that a judgment may be entered abating the plaintiff’s ac-, tion with costs.